UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
LEITTA BROOKS,                            )
                                          )
        Plaintiff,                        )
                                          )        Civil Action No.
        v.                                )        12-11634-FDS
                                          )
JPMORGAN CHASE BANK, N.A.,                )
                                          )
        Defendant.                        )
_____)

MEMORANDUM AND ORDER ON MOTION TO DISMISS

SAYLOR, J.

This action arises from a dispute over the terms of a mortgage loan.  Plaintiff Leitta

Brooks contends that defendant breached the mortgage contract by disclosing a false finance

charge and annual percentage rate.  Plaintiff also alleges violations of the federal Truth in

Lending Act ("TILA")  and Real Estate Settlement Procedures Act ("RESPA").

Defendant has moved to dismiss the complaint for failure to state a claim upon which

relief can be granted.  For the reasons set forth below, defendant's motion will be granted.

I.      **Background**

        A.      **Factual Background**

The facts of this case are not clearly set forth in the complaint, and are described here as

the Court understands them from the pleadings.

On May 11, 2007, Leitta Brooks obtained a loan in the amount of $500,000 from the First

National Bank of Arizona in order to finance the purchase of a property at 53 Charlotte Street,

Dorchester, Massachusetts.  To secure the loan, Ms. Brooks granted the bank a note in the same

amount.  Both the note and the mortgage were later assigned to JPMorgan Mortgage Acquisition

Corporation.  Defendant JPMorgan Chase Bank, N.A. ("Chase"), is the servicer of the loan.

### B.  Procedural Background

On July 30, 2012, Brooks filed suit against Chase in Suffolk Superior Court.  The

complaint alleged claims for breach of contract and violations of TILA and RESPA.  Chase

removed the action to this Court on September 5, 2012.  On October 17, 2012, the parties jointly

requested, and were granted, a stay of litigation while Chase evaluated Ms. Brooks's file for a

potential loan modification.  Chase subsequently offered her a modification; when she rejected

that modification offer, Chase offered her an opportunity to participate in a Trial Period Plan at a

lower interest rate.  In late April of 2013, she rejected that offer as well.  The stay in the present

litigation was then lifted, and Chase filed a motion to dismiss on April 29, 2013.

## II.    Standard of Review

On a motion to dismiss pursuant to rule 12(b)(6), the Court "must assume the truth of all

well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v.*

*Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175

F.3d 75, 77 (1st Cir.1999)). To survive a motion to dismiss, the plaintiff must state a claim that is

plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual

allegations must be enough to raise a right to relief above the speculative level, . . . on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555

(citations omitted).

When evaluating a motion to dismiss, courts may consider any documents explicitly

referred to or implicitly relied on by the complaint.  *See* Fed. R. Civ. P. 10(c); *Trans-Spec Truck*

*Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) ("Exhibits attached to the complaint are properly considered part of the pleading . . . ."). Courts may also consider any documents to which the complaint's factual allegations are expressly linked, as such documents effectively merge into the pleadings. *See Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998).

## III.   Analysis

### A.   TILA and RESPA

Defendant has moved to dismiss plaintiff's claims under TILA, 15 U.S.C. § 1601 *et seq.*, on the ground that they are barred by the statute of limitations.

Although styled as a case for "breach of contract," the complaint alleges a number of violations of TILA. Specifically, plaintiff contends that her loan

- understated the actual finance charge in violation of 12 C.F.R. § 1026.18(d)(1); and

- included an inaccurate annual percentage rate in violation of 12 C.F.R. § 1026.22(a)(2), (4).[1]

The complaint also alleges that the loan failed the "Good Faith Estimate disclosure date test."[2] Under RESPA, a lender must provide a borrower with "a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur . . . ."

---

[1] 12 C.F.R. § 1026 requires that a creditor disclose certain information at the time a loan is made. In particular, § 1026(d)(1) requires that "[i]n a transaction secured by real property or a dwelling, the disclosed finance charge and other disclosures affected by the disclosed finance charge (including the amount financed and annual percentage rate) shall be treated as accurate if the amount disclosed as the finance charge: (i) is understated by no more than $100; or (ii) is greater than the amount required to be disclosed."

[2] The complaint alleges that the loan "failed the initial TIL disclosure date test." While the basis of that allegation is not entirely clear, it appears that plaintiff intends to allege a violation of 12 CFR § 1026.19(a)(1)(i), which requires that the disclosures required under 12 CFR § 1026.18 be made "not later than the third business day after the creditor receives the consumer's written application."

12 U.S.C. § 2604(c).  By regulation, the lender must provide such an estimate "not later than 3 business days after a lender receives an application, or information sufficient to complete an application . . . ."  24 C.F.R. § 3500.7(a)(1).

In her opposition to defendant's motion to dismiss, plaintiff appears to indicate that she did not intend to bring any claim under TILA or RESPA.  She states that "[d]efendant's counsel attempts to muddy the waters claiming [p]laintiff's claim is based upon TILA, RESPA and the GFE which is both false and erroneous.  For the aforementioned federal provisions and standards are merely the 'icing' upon the matter brought for breach of contract."  Thus, it does not appear that plaintiff intends to base her action on the alleged violations of federal law.

In any event, to the extent that the complaint does seek to set forth claims under TILA, those claims necessarily fail.  As set forth in 15 U.S.C. § 1640(e), any action under TILA must be brought within "one year from the date of the occurrence of the violation."  Here, the only TILA violations that plaintiff has arguably alleged occurred at the time the loan documents were first signed—on May 1, 2007.  Thus, any action resulting from those violations should have been brought by May 1, 2008.  Accordingly, to the extent the complaint alleges any TILA claims, they are untimely.

Similarly, to the extent that the complaint seeks relief for a violation of RESPA, such a claim must also be dismissed, as there is no private right of action for a violation of 12 U.S.C. §2604 or any of the regulations promulgated thereunder.  *See, e.g., Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997).

**B.**     **Breach of Contract**

The central allegation of the complaint is that Chase has breached its contract with

4

plaintiff.  The complaint alleges "several breaches in the agreement/contract," (Compl. at 1), and

attaches the note and mortgage documents as evidence of that claim.  However, the complaint

does not cite to any particular terms of the agreement that plaintiff alleges defendant has

breached.   Rather, all of the alleged breaches set forth in the complaint are based on

requirements set forth in TILA and RESPA.

   While this Court will liberally construe the pleadings of a *pro se* party, it cannot create a

claim where none has been properly pleaded.  To assert a breach of contract claim, a *pro se*

plaintiff must, at minimum, point to the specific terms of a contract between herself and

defendant that she alleges defendant has breached.  Plaintiff has not done so here.  Plaintiff's

breach of contract claim appears to be based on the allegations that Chase disclosed an

inaccurate finance charge and annual percentage rate in the mortgage or note.  Specifically,

plaintiff alleges that (1) the disclosed finance charge was $935,714.02, while the actual charge

was $941,842.79; and (2) the disclosed annual percentage rate was 9.059%, while the actual rate

was 9.201%.  (Compl. at 2).

   The complaint does not cite to any particular provision of the mortgage or note that

include the allegedly false finance charge and annual percentage rate.  Nor has the Court, upon

its own review of the documents attached to the complaint, been able to locate any terms of the

agreement that refer to either number.[3]  Thus, the complaint has not sufficiently alleged that the

claimed finance charge and annual percentage rate were terms of the contract at issue.

   Accordingly, the complaint does not state a claim for breach of contract, and defendant's

---

[3] Section 2 of the note sets out a partially-illegible annual interest rate.  However, that rate differs from both the disclosed and actual annual percentage rates set forth in the complaint, and thus does not appear to be the basis for plaintiff's breach of contract claim.

motion to dismiss will be granted.

**III.**     **Conclusion**

For the reasons set forth above, defendant's motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  July 17, 2013